IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA  :

    v. : Criminal Case No. DKC 18-0606

RONALD WHITENER  :

**MEMORANDUM OPINION and ORDER**

Ronald Whitener filed a motion to withdraw guilty plea, reciting that he no longer wants the plea. For the following reasons, the motion will be denied.

After a district court accepts a guilty plea, but before sentencing, a defendant may withdraw his plea if he "can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). A defendant does not have an absolute right to withdraw a guilty plea, nor does he automatically get an evidentiary hearing. *United States v. Bowman,* 348 F.3d 408, 413 (4th Cir. 2003); *United States v. Moore,* 931 F.2d 245, 248 (4th Cir. 1991). The defendant must establish "a fair and just reason" for plea withdrawal lies with the defendant. *United States v. Ubakanma,* 215 F.3d 421, 424 (4th Cir. 2000). A fair and just reason "essentially challenges the fairness" of the Fed.R.Crim.P. 11 proceeding. *Id.* (internal quotation marks omitted).

In *Moore*, 931 F.2d at 248, the Fourth Circuit provided a nonexclusive list of factors for consideration in deciding a withdrawal motion:  "(1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion to withdraw the plea; (4) whether the defendant had the close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources."

A change of mind falls well short of the showing necessary to prevail on a request to withdraw a guilty plea.  The court would not have accepted the plea without determining that it was knowing and voluntary.  There is no credible assertion of legal innocence, the time between entry of the plea and request to withdraw is relatively long (although the COVID-19 pandemic explains some of the delay), and the defendant has had close assistance of competent counsel.  The Government has not yet indicated whether withdrawal will cause prejudice, so this factor is not present.  Similarly, the inconvenience to the court and waste of judicial resources may be neutral at this time.  On balance, however, the factors weigh against permitting withdrawal given that the defendant has not

articulated a valid reason to withdraw a plea that was knowingly and voluntarily entered.

For the foregoing reasons, it is this 15th day of September, 2020, by the United States District Court for the District of Maryland, ORDERED that the motion to withdraw guilty plea BE, and the same hereby IS, DENIED.

/s/
DEBORAH K. CHASANOW
United States District Judge
